**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------X

| | |
|---|---|
| VALDET SHALA and MEJREME SHALA, | **COMPLAINT** |
| Plaintiffs, | Case No.: _____ |
| -against- | |
| 2781 REALTY LLC, 2781 OCEAN LLC, NEWPORT MANAGEMENT COMPANY LLC, | PLAINTIFFS DEMAND A TRIAL BY JURY |
| Defendants. | |

---------------------------------------------X

Plaintiffs, Valdet and Mejreme Shala, by their attorney, The Rose Law Group, PLLC, upon information and belief, complain as follows:

## NATURE OF THE CASE

1. Plaintiffs complain pursuant to the <u>Fair Labor Standards Act</u>, 29 U.S.C. §201 *et seq.* ("FLSA") and the <u>New York State Labor Law, Articles 6 & 19</u> ("NYLL") for failure to pay the minimum wage and an overtime premium for hours Plaintiff was required to report to work, ready to perform work and actually perform work duties. Plaintiff seeks to recover unpaid back wages, the overtime premium, spread of hours pay, and an additional amount as liquidated damages, reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon the Court by § 16(b) of the FLSA (29 U.S.C. §216(b)). Jurisdiction of this Court is also proper under 42 U.S.C. §12101 <u>et. seq.</u>; 29 U.S.C. §2617.

3. Supplemental Jurisdiction is proper over the State law claims pursuant to 28 U.S. Code § 1367.

4. Venue is proper in this district based upon Defendants' residency within Kings County,

State of New York, within the Eastern District of New York. 28 U.S.C. §1391(b).

## PARTIES

5. That at all times relevant hereto, Plaintiff Valdet Shala ("Valdet") is a resident of the State of New York and Kings County. Plaintiff Valdet worked at the Building located at 2781 Ocean Avenue, Brooklyn, New York (the "Building").

6. That at all times relevant hereto, Plaintiff Mejreme Shala ("Mejreme") is a resident of the State of New York and Queens County and worked at the Building.

7. That at all times relevant hereto, Defendant 2781 Ocean LLC ("Ocean") was and is a Limited Liability Corporation duly authorized and existing by virtue of the laws of the State of New York.

8. That at all times relevant hereto, Defendant Ocean does business in the State of New York.

9. That at all times relevant hereto, Defendant Ocean's principal place of business is 36 Short Pl, Staten Island, New York 10312 and they manage and/or own the Building and employed Plaintiffs along with the other Defendants.

10. That at all times relevant hereto, Defendant 2781 Realty LLC ("Realty") was and is a Domestic Limited Liability Company duly authorized and existing by virtue of the laws of the State of New York.

11. That at all times relevant hereto, Defendant Realty does business in the State of New York.

12. That at all times relevant hereto, Defendant Realty's principal place of business 5614 15th Ave, Ofc 1A, Brooklyn, New York 11219 and they manage and/or own the Building and employed Plaintiffs along with the other Defendants.

13. That at all times relevant hereto, Defendant Newport Management Company LLC ("Newport") was and is a Domestic Limited Liability Company duly authorized and existing by virtue of the laws of the State of New York.

14. That at all times relevant hereto, Defendant Newport does business in the State of New York.

15. That at all times relevant hereto, Defendant Realty's principal place of business 5614 15th Ave, Ofc 1A, Brooklyn, New York 11219 and they manage and/or own the Building and employed Plaintiffs along with the other Defendants.

16. Defendants Ocean, Realty and Newport acted as a single enterprise and/or joint employer for Plaintiffs.

17. At all times Defendants Ocean, Realty and Newport employed together more than eleven (11) employees and did more than $500,000.00 in business per year.

18. As a requirement of their jobs, Plaintiffs handled goods such as cleaning supplies and tools which had moved in interstate commerce.

## **MATERIAL FACTS**

19. Plaintiff Valdet and Plaintiff Mejreme are married.

20. Plaintiff Valdet was hired by Defendants in or around 2009 to work for Defendants' predecessors in interest and/or Defendants as a Superintendent of the Building located at 2781 Ocean Avenue, Brooklyn, New York.

21. The Building has approximately seventy-five (75) units.

22. Plaintiff Valdet was hired to work servicing all of the units in the Property.

23. Plaintiff Mejreme was almost immediately asked to also work for Defendants, without compensation, to supplement the work performed by Plaintiff Valdet.

24. Defendants employed various individuals to supervise Plaintiffs' work, provide instruction, and determine pay rates.

25. Plaintiff Valdet's job duties from his first time of employment until his termination in January of 2023 were as follows:

a. Clean common areas in the building;
b. Maintenance for whole building;
c. Door repair and adjustment;
d. Change all locks;
e. Fasten locks and doorknobs;
f. Adjust doorknobs as needed;
g. Repair hinges on doors;
h. Lubricate locks and latches;
i. Window guard installation;
j. Clean apartments after tenants vacate premises;
k. Remove all garbage and furniture when tenants vacate premises;
l. Repair cabinets;
m. Repair tile;
n. Repair flooring;
o. Repair drywall and plaster;
p. Painting whenever there is a violation;
q. Remove old and install kitchen sinks with piping and faucets;
r. Remove old and install new stoves;
s. Remove old and install refrigerators;
t. Change outlets and outlet plates;
u. Repair window screens;
v. Repair window brackets;
w. Install shower curtain rods;
x. Remove old and install bathroom sinks with plumbing;
y. Remove old and install toilets;
z. Remove old and install radiator valves;
aa. Bleed radiator valves as needed;
bb. Install and repair smoke and carbon monoxide detectors;
cc. Install and repair light fixtures;
dd. Unclog any drains including tub, sink and toilet;
ee. Unclog waste lines as needed;
ff. Repair faucets;
gg. Repair water damage;
hh. Shut off valves to prevent damage as needed;
ii. Repair buzzer and intercom system;
jj. Repair and replace lights and light fixtures in all common areas;
kk. Clear and maintain garbage shoot;
ll. Repair garbage shoot fixtures;
mm. Maintain all doors in common areas on daily basis;
nn. Maintain and repair access to roof;
oo. Maintain elevator doors;
pp. Paint elevator car twice a year;

qq. Clean elevator car on a daily basis;
rr. Clean all windows;
ss. Maintain all landscaping throughout property;
tt. Gardening as needed;
uu. Decorate for holidays;
vv. Repair boiler;
ww. Maintain boiler room free of garbage;
xx. Maintain boiler as per boiler code;
yy. Clean and maintain filters for boiler system;
zz. Maintain compressor for boiler;
aaa. Maintain proper boiler water level, drain and refill as needed;
bbb. Lubricate motor and pumps;
ccc. Assist with deliveries of oil;
ddd. Remove snow during winter and maintain street area and garden area;
eee. Assist with porter with moving heavy items;
fff. Wait for and help permit access to the building for vendors;
ggg. Deliver all rent bills after picking up from Defendants' office;
hhh. Salt sidewalks and icy areas;
iii. Assist and coordinate work performed by outside contractors;
jjj. Purchase all necessary material for repairs;
kkk. Report necessary supplies to be purchased for building;
lll. Report all building issues, equipment problems, and accidents to management office;
mmm. Empty trash from shoot as needed;
nnn. Report tenant complaints to management office;
ooo. Report necessary work to be done by outside mechanics;
ppp. Seal and/or tighten gas pipes when leak is reported or suspected;
qqq. Maintain cement in courtyard and in front of building;
rrr. Maintain building roof;
sss. Check and clear roof drains;
ttt. Maintain alleyways free of garbage;
uuu. Clean street in front of building on daily basis;
vvv. Clean tree crates in front of building;
www. Deal with all HPD building violations;
xxx. Bring letters to tenants as needed;
yyy. Repair mailboxes;
zzz. Provide tenants with mailbox keys; and,
aaaa. Remove/replace mailbox locks.
bbbb. Maintain garden, gardening, and cleaning the garden;
cccc. Clean bathrooms, kitchens and other areas after construction is complete prior to new tenants moving in;
dddd. Pass out notice to tenants when the exterminator services the Property;

> eeee. Assist with providing access to NYC DOB inspectors; and,
> ffff. Address tenants complaints.

26. Despite the work initially being labeled as "part time," Plaintiff Valdet's hours were lengthy, requiring him or Plaintiff Mejreme to be available twenty-four (24) hours a day, seven (7) days a week.

27. Plaintiff Valdet was regularly told that he, or his wife, had to be available at all hours. Every week he worked significantly more than fifty (50) hours in order to comply with the residents' and Defendants' demands.

28. On a regular basis, Plaintiff Valdet would start by work at 7:00 AM but would not finish his work until after 5:00 PM five days a week and still perform work for a significant part of the weekend.

29. On weekends, the same requirements were levied on him as he was expected to be there in the mornings and afternoons, visible to tenants.

30. Despite the heavy amount of work, Plaintiff Valdet was only paid $959.23 every two (2) weeks, except once per month Defendants illegally, and without proper approval, withheld $500.00.

31. This amount is far less than the minimum wage required to be paid under the FLSA and NYLL.

32. Plaintiff Mejreme was also expected and demanded to perform work for Defendants since moving into the building and continuing through January of 2023, yet she was never paid anything.

33. Defendants and tenants all witnessed her doing the work, Defendants expected her to open the door for vendors, deliveries, mail, boiler room access, electric room access, and for other reasons.

34. Further, she was required to clean windows, clean mirrors, clean the laundry room, clean the elevator, clean the front doors, decorate for holidays, buy supplies, and then remove and pack away holiday decorations when they were over.

35. Defendants were aware that she was doing work and relied on her work for the regular maintenance and operation of the building.

36. Further, on occasion, Defendants' management would come to their apartment and direct her to do specific work.

37. On a regular basis, Plaintiff Mejreme worked approximately five (5) to ten (10) hours a week and was required to be on call throughout the period when Plaintiff Valdet was not in the building to let in contractors, vendors, mail deliveries, and other individuals at the direction of Defendants.

38. Defendants did nothing to even attempt to comply with the law for paying minimum wage or the required overtime premium.

39. Plaintiffs are owed a minimum wage, overtime premium and lost pay to which they are entitled under the FLSA and NYLL and have been damaged in an amount yet to be determined.

40. Defendants' violations of the FLSA and NYLL were done with knowledge of the law and with full understanding that this policy violated the law.

### AS A FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

41. Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

42. Defendants willfully employed Plaintiffs in the afore-mentioned enterprise and failed to compensate Plaintiffs for all hours worked during their employment.

43. Upon information and belief, Defendants do more than $500,000.00 in business each year

and handle goods which have moved in interstate commerce.

44. Defendants failed to pay the legally mandated minimum wage and overtime premium for all hours worked by Plaintiffs.

45. Defendants' failure to comply with the FLSA caused Plaintiffs to suffer loss of wages.

## AS A SECOND CAUSE OF ACTION
## **VIOLATION OF NEW YORK LABOR LAW (minimum wage and overtime)**

46. Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

47. Plaintiffs were employees of Defendants within the meaning of New York Wage Regulations (NYCRR Labor Section 138 et seq.; Article 6 & 9 of the NYLL; 12 NYCRR § 142-2.4).

48. Defendants failed to pay Plaintiffs the minimum wage and overtime premium for certain hours when Plaintiffs were required to be at work, ready to work, and actually performing the work.

49. Defendants' failure to comply with the New York Labor Law minimum wage and overtime protections caused Plaintiffs to suffer loss of wages and interest thereon.

50. This includes the failure to pay an additional hour of pay for every day wherein Plaintiffs were required to work in excess of ten (10) hours, known as "spread of hours" pay.

51. Defendants' violations were willful.

52. Defendants failed to pay minimum wage, overtime, and spread of hours pay as is required by the New York Labor Law.

53. Defendants failed to compensate Plaintiffs at the required minimum rate for superintendents pursuant to 12 NYCRR §§ 141 et seq.

54. On account of such violations, Defendants are liable to Plaintiffs for actual, statutory and liquidated damages.

## AS A THIRD CAUSE OF ACTION FOR
## VIOLATION OF NEW YORK LABOR LAW (wage notice and statement)

55. Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

56. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 190 et seq., including §§ 191, 193, 195, 198 and the applicable regulations thereunder.

57. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiffs with the appropriate notice(s) required by NYLL 195(1) – Plaintiffs are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b).

58. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiffs with the appropriate statement(s) required by NYLL 195(3) – Plaintiffs are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d)

## JURY DEMAND

59. Plaintiffs demand a trial by jury.

   **WHEREFORE**, Plaintiffs respectfully request a judgment against the Defendants:

A. Awarding all wages not paid as required under the FLSA and NYLL, plus any damages under the FLSA and the NYLL and interest;

B. Declaring that Defendants' policies and procedures violate the FLSA and the NYLL;

C. Awarding damages to the Plaintiffs to otherwise make them whole for any losses suffered as

a result of such unlawful employment practices;

D. Awarding Plaintiffs punitive damages and liquidated damages;

E. Awarding Plaintiffs attorneys' fees, costs, and expenses incurred in the prosecution of the action; and,

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: Astoria, New York
March 2, 2023

**THE ROSE LAW GROUP, PLLC**

    **/s/Jesse C. Rose**
Jesse C. Rose (JR-2409)
3272 Steinway Street; Suite 503
Astoria, New York 11103
PH: (718) 989-1864
Fax: (917) 831-4595