UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
VALDET SHALA and MEJREME SHALA,

                      Plaintiffs,         **MEMORANDUM AND ORDER**
        v.                                             23-CV-01637(OEM)(TAM)

OCEAN CONDOMINIUMS and NEWPORT
MANAGEMENT COMPANY LLC,

                      Defendants.
----------------------------------------------------------x

**ORELIA E. MERCHANT, United States District Judge:**

        Valdet Shala ("Valdet") and Mejreme Shala ("Mejreme") (collectively "Plaintiffs") brought this action on March 2, 2023, against defendants Ocean Condominiums and Newport Management Company LLC (collectively "Defendants"), for claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law, §§ 190 *et seq.* and 650 *et seq.* ("NYLL").[1] On July 21, 2023, Plaintiffs filed their Amended Complaint ("Am. Compl."), ECF 10. Before the Court is Defendants' partial Motion to Dismiss ("Mot."), ECF 22, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.[2] For the following reasons, Defendants' motion is **GRANTED** in part and **DENIED** in part.

## BACKGROUND

        2781 Ocean Avenue is a condominium building in Brooklyn, New York ("2781 Ocean Ave"), legally constituted as Ocean Condominiums ("Ocean Condos") and managed by Newport Management Company LLC ("Newport"). Am. Compl. ¶¶ 5, 7, 10; Memorandum of Law in Support of Defendants' Motion to Dismiss ("Def. Memo"), ECF 22-5 at 2. In 2009, Plaintiffs

---

[1] Plaintiffs voluntarily dismissed their claims against 2781 Ocean LLC and 2781 Realty LLC. *See* Am. Compl.
[2] Plaintiffs filed their opposition to Defendants' motion to dismiss on November 15, 2023, *see* Memorandum in Opposition ("Pls.' Opp."), ECF 23, and Defendants filed their reply on January 3, 2024, *see* Defendants' Reply ("Reply"), ECF 27.

allegedly moved into 2781 Ocean Ave and thereafter performed property maintenance and operations work there for Defendants from approximately 2009 to 2023. Am. Compl. ¶¶ 16–17, 19–20, 22, 29–31. Plaintiffs allege, however, that they were not compensated as required by the FLSA and NYLL for the work they performed. *Id.* ¶¶ 46, 49. Some of Plaintiffs' job duties include the following: "Clean common areas in the building; Maintenance for whole building; Door repair and adjustment; Repair cabinets; Repair and replace lights and light fixtures in all common areas; open the door for vendors, deliveries, mail, boiler room access, electric room access, and for other reasons; required to clean windows, clean mirrors, clean the laundry room, clean the elevator, clean the front doors." *See* Am. Compl. ¶¶ 22, 30-33.

Plaintiff Valdet asserts that despite working extended hours, he did not receive the applicable minimum wage, overtime, and spread-of-hours pay the FLSA and NYLL mandate. *Id.* ¶¶ 36, 41, 45, 47, 49–50.

Plaintiff Mejreme asserts that despite performing maintenance and operations tasks at Defendants' direction, she was not paid at all for her work, meaning she did not receive required FLSA and NYLL minimum wage, overtime, and spread-of-hours pay. *Id.* ¶¶ 29–34.

## DISCUSSION

### A. Standard of Review

To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Such a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Plausibility…depends on a host of considerations: the full factual picture presented by the

2

complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable," *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011), but demands "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Presented with a Rule 12(b)(6) motion, a court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in [the plaintiff's] favor." *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009). "Detailed factual allegations" are not necessary, but a complaint must set forth more than perfunctory "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). And although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* at 678.

### B. Plaintiffs' FLSA Coverage

For a plaintiff to establish FLSA coverage, either of two conditions must exist: "(1) the employee individually was 'engaged in commerce or in the production of goods for commerce,' or (2) the employer was an 'enterprise' 'engaged in commerce or in the production of goods for commerce,' regardless of whether the individual employee was so engaged." *Bowrin v. Cath. Guardian Soc'y,* 417 F. Supp. 2d 449, 457 (S.D.N.Y. 2006). "These bases for coverage under the FLSA are referred to as 'individual' or 'enterprise' coverage, respectively." *Id.* Here, Plaintiffs bring this action alleging only enterprise coverage of the Defendants. Am. Compl. ¶¶ 13, 39.

#### 1. Enterprise Coverage

"Enterprise coverage exists where an employer has (1) 'employees engaged in commerce or in the production of goods for commerce'; and (2) an 'annual gross volume of sales made or business done' greater than $500,000. *Dixon v. Int'l Unified Workforce, Inc.,* 18-CV-7191 (LDH)

3

(SJB), 2020 U.S. Dist. LEXIS 160444, at *5 (E.D.N.Y. Sep. 1, 2020) (quoting 29 U.S.C. § 203(s)(1)(A)). To survive a motion to dismiss, a plaintiff "must provide only straightforward allegations connecting that work to interstate commerce" "[a]side from stating the nature of his work and the nature of [his employer's] business." *See Dixon*, 2020 WL 6140054, at *3. "An enterprise is 'engaged in commerce' when it '(i) has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person . . . .'" *Georges v. Detroit Pizza NYC LLC*, 23-CV-11164 (LJL), 2024 U.S. Dist. LEXIS 51634, at *7 (S.D.N.Y. Mar. 20, 2024) (quoting 29 U.S.C. § 203(s)(1)(A)).

Plaintiffs claim they were covered by the FLSA as employees of a covered enterprise because "Defendants Ocean and Newport acted as a single enterprise and/or joint employer for Plaintiffs[]" and "[u]pon information and belief, Defendants do more than $500,000.00 in business each year and handle goods which have moved in interstate commerce" and "as a requirement of [Plaintiffs'] jobs, Plaintiffs handled goods such as cleaning supplies and tools which had moved in interstate commerce." Am. Compl. ¶¶ 13-15, 40.

First, "[t]he Twombly plausibility standard . . . does not prevent a plaintiff from 'pleading facts alleged "upon information and belief" where the facts are peculiarly within the possession and control of the defendant. . . .'" *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (citing *Boykin v. KeyCorp*, 521 F.3d 202, 215 (2d Cir. 2008)). Therefore, Plaintiffs have sufficiently plead "[u]pon information and belief" that Defendants meet the FLSA enterprise coverage requirements, as it relates to the $500,000 threshold. *See* Am. Compl. ¶ 40. Second, "local business activities fall within the reach of the FLSA when an enterprise employs workers who handle goods or materials that have moved or been produced in interstate commerce." *Archie*,

4

997 F. Supp. at 530 (noting the ease with which this standard is satisfied); *see also Georges*, 2024 U.S. Dist. LEXIS 51634, at *8 (stating that plaintiffs need not demonstrate that the enterprise sells its goods or services in interstate commerce). Plaintiffs have sufficiently plead that, "[a]s a requirement of their jobs, Plaintiffs handled goods such as cleaning supplies and tools which had moved in interstate commerce,"[3] Am. Compl. ¶ 15, in supporting their claim that the enterprise engaged in interstate commerce. *See Guan v. Lash Princess 56 Inc.,* 2023 U.S. Dist. LEXIS 32447, at *26-27 (S.D.N.Y. Feb. 27, 2023).

Plaintiffs sufficiently allege that they worked for an enterprise employing workers who handle goods or materials that have moved or been produced in interstate commerce. *See id.* at *29.

### a. Single Enterprise Theory

However, Defendants challenge Plaintiffs' single enterprise theory, which aggregates Defendants Ocean Condos and Newport for the purpose of determining FLSA coverage. Specifically, Defendants assert that Defendant Ocean does not independently meet the $500,000 FLSA enterprise coverage threshold and therefore the FLSA claim against defendant Oceans should be dismissed. Def. Memo at 7–9.[4]

---

[3] "At the pleading stage it is not Plaintiffs' burden "to specify the exact origin of the goods that Defendants' employees handled . . . ." Soto, 2023 U.S. Dist. LEXIS 9456, 2023 WL 319547, at *4. It is enough that the facts pleaded make it plausible that the goods utilized…by Defendants traveled in interstate commerce. *See Gomez v. El Rancho de Andres Carne de Tres Inc.*, 2014 U.S. Dist. LEXIS 45580, 2014 WL 1310296, at *3 (E.D.N.Y. Mar. 11, 2014)." *Georges,* 2024 U.S. Dist. LEXIS 51634, at *11.

[4] Defendants attach financial statements of defendant Ocean Condos in support of this assertion. Plaintiffs oppose and question the authenticity of the financial statements. *See DiFolco v. MSNBC Cable L.L.C*., 622 F.3d 104, 111 (2d Cir. 2010) (stating that to consider documentary evidence on a motion to dismiss, "it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document" (quoting *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006))). "The Second Circuit cautions that 'even if a document is integral to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document', and it must be clear that 'there exist no material disputed issues of fact regarding the relevance of the document.'." *Carrasquillo v. Westech Sec. & Investigation Inc.,* 1:23-CV-04931 (MKV), 2024 U.S. Dist. LEXIS 167856, at *8 (S.D.N.Y. Sep. 17, 2024)(internal citations omitted). Thus, the Court declines to consider the Defendants' submission. *See infra* D.

A single integrated enterprise, otherwise known as a "single employer," "exists where two nominally separate entities are actually part of a single integrated enterprise." *Perez v. Westchester Foreign Autos, Inc.,* 11-CV-6091 (ER), 2013 WL 749497, at *7 (S.D.N.Y. Feb. 28, 2013). "[A]n employee, who is technically employed on the books of one entity, which is deemed to be part of a larger 'single-employer' entity, may impose liability for certain violations of employment law not only on the nominal employer but also on another entity comprising part of the single integrated employer." *Id.* (quoting *Arculeo v. On-Site Sales & Mktg.*, LLC, 425 F.3d 193, 198 (2d Cir. 2005)). "In order to determine whether various corporations operate as a single, integrated enterprise, the Court must determine whether these corporations meet the three elements of an 'enterprise:' related activities, unified operation or common control, and common business purpose." *Jian Ping Lin v. Monda Window & Door Sys.*, 17-CV-03737 (MKB) (RER), 2018 WL 4403384, at *3 (E.D.N.Y. Aug. 7, 2018) (quoting *Brennan v. Arnheim & Neely, Inc.*, 410 U.S. 512, 518 (1973)).

"The Second Circuit has never applied the single integrated employer doctrine to a FLSA claim, but 'courts in the Circuit have found "sufficient support for its application" in the breadth of the FLSA's definition of an employer and the Second Circuit's interpretation thereof.'" *Syed v. S&P Pharmacy Corp.*, 21-CV-6000 (AMD) (PK), 2023 WL 2614212, at *2 (E.D.N.Y. Mar. 23, 2023) (quoting *Flores v. 201 W. 103 Corp.*, 256 F. Supp. 3d 433, 440 (S.D.N.Y. 2017) (citation omitted)).

A court determining whether a plaintiff has pleaded single integrated enterprise liability considers: "(1) interrelation of operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership." *Hsieh Liang Yeh v. Han Dynasty, Inc.*, 18-CV-6018, 2019 WL 633355, at *4 (S.D.N.Y. Feb. 14, 2019). "Although no one factor is determinative[,] . . . control of labor relations is the central concern." *Murray v. Miner*, 74 F.3d 402, 404 (2d Cir. 1996)

(citations omitted). However, a plaintiff "must do more than simply state legal conclusions and recite the elements of the 'single employer' standard to survive a motion to dismiss." *Id.* (quoting *Juhua Han v. Kuni's Corp.*, 19-CV-6265, 2020 WL 2614726, at *12 (S.D.N.Y. May 22, 2020)). *Kekovic v. Titan Motor Grp. LLC*, 22-CV-2142 (MKB), 2023 U.S. Dist. LEXIS 175560, at *11 (E.D.N.Y. Sep. 29, 2023).

Thus, to the extent that Defendants argue that Plaintiffs failed to plead interrelatedness between the Ocean Condos and Newport, the Court disagrees. Plaintiffs have sufficiently pled the plausible existence of a single integrated enterprise in the amended complaint by asserting that "defendants" i.e.—Ocean and Newport—did all the hiring of employees, failing to pay plaintiffs, determining rates and pay, and supervised plaintiffs, etc. *See* generally Am. Compl.; *see also Gordon v. Gen. Prop. Mgmt. Assocs.*, 496 F. Supp. 3d 830, 838 (S.D.N.Y. 2020)(finding activities of the two enterprises to be related where one "provides services" to the other "that are integral to its operations, such as collecting common charges, managing the superintendent, and paying various expenses."); *cf. Diaz v. Consortium for Worker Educ., Inc.*, 10-CV-01848 (LAP), 2010 WL 3910280, at *4 (S.D.N.Y. Sept. 28, 2010) (granting motion to dismiss where plaintiff alleged "no facts that indicate that [the defendant] had any direct role in managing the plaintiffs, hiring or firing the plaintiffs, determining their working hours, or maintaining employment records").

"Whether the evidence will substantiate the plaintiff's allegation cannot be decided on this motion." *Morales v. Anyelisa Rest. Corp.*, 18-CV-7641 (JGK), 2019 WL 3430106, at *3 (S.D.N.Y. July 30, 2019). Although later discovery may support that Defendants Ocean Condos and Newport are not an integrated enterprise, Plaintiff has alleged sufficient facts, accepted as true, to allow for a finding that Ocean Condos and Newport are a single integrated enterprise. *See Jian Ping*, 2018 WL 4403384, at *9. "Whether two related entities are sufficiently integrated to be treated as a

single employer is generally a question of fact not suitable to resolution on a motion to dismiss." *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 226 (2d Cir. 2014); *see also Lazaar v. Anthem Companies, Inc.*, 22-CV-3075 (JGK), 2023 WL 405016, at *4 (S.D.N.Y. Jan. 25, 2023). Therefore, it is premature to dismiss Defendant Ocean Condos at this time.[5]

### C. Plaintiffs' Overtime Pay Claims

The FLSA and the NYLL both "guarantee[ ] compensation for all work . . . engaged in by [covered] employees." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 359 (2d Cir. 2011) (internal quotation marks, citations, and brackets omitted). In particular, an employee must be paid at least minimum wage. 29 U.S.C. § 206(a); N.Y. Lab. Law § 652(1). "[F]or any hours worked in excess of forty per week," the employee must "be compensated at a rate of no less than one and one-half times the regular rate of pay." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013); *see* 29 U.S.C. § 207(a)(1); N.Y.C.C.R.R. tit. 12, § 146-1.4.

Therefore, to recover unpaid overtime a plaintiff must establish that: "(1) he was an employee who was eligible for overtime . . . and (2) that he actually worked overtime hours for which he was not compensated." *DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 507 (E.D.N.Y. 2011) (citing *Hosking v. New World Mortg., Inc.*, 602 F. Supp. 2d 441, 447 (E.D.N.Y. 2009)).

#### 1. NYLL Overtime Pay

The NYLL exempts "a janitor in a residential building" from the minimum wage and overtime requirements. 12 N.Y.C.C.R. §§ 141-1.3, 141.1.4. Janitors are instead paid based on the number of units in the building in which they work. *Id.* "Janitor" is defined under the statute as,

---

[5] *See Gordon v. Gen. Prop. Mgmt. Assocs.*, 496 F. Supp. 3d 830, 838 (S.D.N.Y. 2020) ("While the Condo, taken alone, does not qualify as an 'enterprise' within the meaning of the FLSA, Mr. Gordon has successfully demonstrated that genuine issues of fact exist with respect to enterprise coverage arising from the relationship between the Condo and General Property.").

> "a person employed to render any physical service in connection with the maintenance, care, or operation of the residential building. *Where there is only one employee, such employee shall be deemed the janitor.* Where there is more than one employee in the building, the employer shall designate an employee who lives in the building as the janitor. *No building may have more than one janitor.*"

12 N.Y.C.C.R. § 141-3.4 (emphases added).

The janitorial exemption is an affirmative defense, therefore "[defendants] bear the burden of establishing that the janitorial exemption" applies. *Contrera v. Langer*, 290 F. Supp. 3d 269, 275 (S.D.N.Y. 2018), *report and recommendation adopted*, 16-CV-3851 (LTS)(GWG), 2018 WL 3918179 (S.D.N.Y. Aug. 16, 2018) (citing *Koljenovic v. Marx*, 999 F. Supp. 2d 396, 399 (E.D.N.Y. 2014)). In "[d]eciding whether the [janitorial] exemption applies may require the court to consider both questions of fact and law; the question of how an employee spends his time is factual, while the issue of whether such activities render the employee exempt from the overtime provision is a question of law." *Koljenovic,* 999 F. Supp. 2d at 399.

Defendants cite to *Koljenovic* for the general proposition that building superintendents are janitors within the statutory exemption. *See id.* at 396. Defendants claim that by designating himself building superintendent for Oceans Condos, Am. Compl. ¶ 17, Plaintiff Valdet has admitted he is exempt as a janitor under the NYLL. Def. Memo at 5-6. Plaintiffs argue in opposition that it is far from evident that plaintiff Valdet was subject to the NYLL's janitorial exemption from overtime pay while employed by Defendants at 2781 Oceans Avenue. Opp. at 3-4.

Defendants raise, "when only one employee is capable of being designated the janitor—either because he or she is the only employee performing janitorial services in the building, or the only such employee living in the building—then the employee is considered the exempt janitor under section 141-3.4 regardless of whether the employee was designated as such." *Contrera*, 290

F. Supp. 3d at 275 (internal quotation marks omitted). However, Plaintiffs' factual allegations with respect to plaintiff Valdet, taken as true, do not warrant such a conclusion here.

While it is undisputed that plaintiff Valdet was "a person employed to render any physical service in connection with the maintenance, care or operation of a residential building"[6] at 2781 Oceans Avenue, making him a *candidate* for 2781's "janitor," Pls.' Opp. at 3-4, it is not alleged that he was *designated* 2781's janitor. It is therefore plausible on the facts alleged in the amended complaint that he was not Defendants' only janitorial employee at 2781 nor the only janitorial employee living there. *See id*; *see, e.g.*, *Contrera v. Langer*, 290 F. Supp. 3d 269, 275 (S.D.N.Y. 2018) (denying motion to dismiss where, regardless of whether plaintiffs were "janitors" within the meaning of the regulation, allegations did not conclusively demonstrate "that only one employee performed janitorial services in the plaintiffs' buildings, that each plaintiff was the only employee performing janitorial services who lived in his building, or that defendants actually designated either employee as a janitor.").

Indeed, Plaintiffs allege that "[a]t all times Defendants Ocean Condos and Newport employed together more than eleven (11) employees[.]" Am. Compl. ¶ 14. Assuming that to be the case, it is certainly plausible that another employee of Defendants, not plaintiff Valdet, performed qualifying maintenance or operational work and was a "janitor" at 2781 for the purposes of the NYLL during his employment. *See* 12 N.Y.C.R.R. §§ 141-1.4, 141-3.4. And though plaintiff Mejreme was not paid for her work, the facts alleged plausibly suggest that she was also janitorial employee at 2781 Ocean Avenue within the meaning of the NYLL. *See* Am. Compl. ¶¶

---

[6] Am. Compl. ¶ 22 (examples of some of the plaintiff Valdet's job duties: "Clean common areas in the building; Maintenance for whole building; Door repair and adjustment; Change all locks; Clean apartments after tenants vacate premises; Repair cabinets; Repair tile; Repair flooring; Maintain building roof").

6, 20, 29–34.[7] Therefore, dismissal of Plaintiffs' NYLL overtime claim at this juncture is inappropriate.

### 2. Wage Notice and Statement Claim Under NYLL

"Under the NYLL, employers are required to provide a written notice containing an employee's wage rate and other related information 'at the time of hiring' the employee. N.Y. Lab. L. § 195(1)(a). Employers must also provide statements upon every payment of wages listing the hours worked and other related information. *See* N.Y. Lab. L. § 195(3)." *Augusto Corrales v. AJMM Trucking Corp.*, 19-CV-4532 (LJL), 2020 WL 1911189, at *3 (S.D.N.Y. Apr. 20, 2020).

Defendants argue that Plaintiffs' wage notice and statement claim under NYLL are untimely pursuant to the statute of limitations,[8] and that the claim should be dismissed. Def. Memo at 12. In Plaintiffs' opposition papers they concede that their wage notice and statement claim is in fact untimely and consent to its dismissal. Pls.' Opp. at 7. Therefore, the Court grants the dismissal of Plaintiffs' third cause of action for the alleged violation of wage notice and statement pursuant to N.Y. Lab. L. § 195.

### D. Defendants Request to Convert Instant Motion into Summary Judgment

"In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Serdarevic v. Centex Homes, LLC,* 760 F. Supp. 2d 322, 328 (S.D.N.Y. 2010) (quoting *Leonard F. v. Isr. Disc.*

---

[7] Examples of some of plaintiff Mejreme's job duties include: "required to clean windows, clean mirrors, clean the laundry room, clean the elevator, clean the front doors, decorate for holidays, buy supplies, and then remove and pack away holiday decorations when they were over; Defendants were aware that she was doing work and relied on her work for the regular maintenance and operation of the building." *Id.* The regulations define an employee as "any individual permitted to work by an employer in the building service industry…", 12 N.Y.C.R.R. § 141-3.2, and a janitor as "a person employed to render any physical service in connection with the maintenance, care or operation of a residential building." *Id.* §141-3.4.

[8] A claim under the NYLL must be brought within six years. N.Y. Lab. L. § 198(3); *accord Galeana*, 120 F. Supp. 3d at 314.

11

*Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999)). Federal Rule of Civil Procedure 12(d) provides that:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d); *see Chambers v. Time Warner, Inc.,* 282 F.3d 147, 154 (2d Cir. 2002). The Court declines Defendants' invitation to "convert the instant motion to a summary judgment motion and consider the evidence under that standard." Reply at 3. Defendants have attached to the instant motion defendant Ocean Condo's financial statements. Mot. Exhibit B, ECF 22-4. The Court will not consider these extrinsic documents in deciding the Defendants' Rule 12(b)(6) motion. The Defendants' exhibits are what appear to be internal balance sheets, financial statements, and other documents that are neither appended to, nor referenced in, the Complaint, and are not the kinds of facts that may be judicially noticed. Fed. R. Evid. 201(b).

While Plaintiffs appear to have lived at 2781 Ocean Ave during the period on which this action centers, it is not asserted that they were owners—to whom copies of 2781 Ocean Ave's financial statements may have been available. *See* Am. Compl. ¶¶ 5-6. Further, Plaintiffs allege in their amended complaint only that "[u]pon information and belief, Defendants do more than $500,000.00 in business each year"—a collective charge that is neither proven nor disproven by the financial statements of only Defendant Ocean Condos introduced in the present motion. Compl. ¶ 40. Since "lack of notice" is the primary "harm to the plaintiff when a court considers material extraneous to the complaint," the Court will not convert the Defendants' motion to one for summary judgment when Plaintiffs have not yet had the benefit of discovery. *Chambers*, 282 F.3d at 153-54; *see also Guzman-Reina v. ABCO Maint., Inc.*, 17-CV-1299, 2017 U.S. Dist. LEXIS 213558, at *4-5 (E.D.N.Y. Dec. 29, 2017).

## CONCLUSION

For the reasons stated above, the Defendants' motion is **DENIED** in part and **GRANTED** in part. The Court denies Defendants' motion to dismiss the FLSA and NYLL claims against Defendant Ocean Condos. The Court grants Defendants' motion to dismiss Plaintiffs' third cause of action, NYLL wage notice and statement claim, against all Defendants.

**SO ORDERED.**

/s/
ORELIA E. MERCHANT
United States District Judge

Dated: September 27, 2024
Brooklyn, New York